THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* STANFORD FABER, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY DORMAN, Defendant.

Supreme Court, Special Term, Queens County, August 25, 1947.

*James N. Gehrig, District Attorney,* for plaintiff.

*Carlino & Friedman* for Stanford Faber, defendant.

*Zimmerman & Popper* for Harry Dorman, defendant.

WENZEL, J. The above-named defendants have been arrested and are awaiting trial respectively for violations of sections 982 and 973 of the Penal Law. This is an application for the issuance of a certificate providing for the prosecution of such charges by presentation to a grand jury for indictment, instead of by trial before a Court of Special Sessions.

The petition sets forth *inter alia* that substantial property rights are affected by the decision that will be rendered in this matter, and it was argued on the hearing of these motions that many hundreds of thousands of dollars are invested in the enterprises constituting the operation of the games, the possession and operation of which the District Attorney contends is interdicted by sections 973 and 982 of the Penal Law. It logically follows that the game is a lucrative one to its operators and,

consequently, that it is extensively patronized by the public having access to it.

If one is to judge by the action of public authorities, there seems to be a question of the legality of the game, for while the District Attorney here contends that it clearly falls within the description of games prohibited under section 982, it is now licensed by the Police Department of the City of Long Beach and has been so licensed for the last fifteen years. It was also licensed in the City of New York under Mayor La Guardia and is now so licensed, and extensively played in Coney Island, Rockaway Beach, the Times Square area and other centers of amusement in New York State, as well as in many foreign jurisdictions.

It is the contention of the District Attorney that the Justices of Special Sessions are fully competent to dispose of the issues, and that trial in that court is the most expeditious manner of disposing of the matter. The competency and ability of Special Sessions is not questioned by the defendants, nor is expedition the paramount consideration here. The court finds that this is a matter not only affecting the financial interest of those many who directly or indirectly maintain or operate these games, but that there is an extensive public interest affected by the determination of these charges.

There can be no point in discussing the question of what constitutes gambling, which is defined by the statutes and has been frequently interpreted by our courts. What is amusement is a matter of personal predeliction, usually but not always depending upon the individual intelligence. Some find it in chess, some in auction bridge and, to the simple- or immature-minded, sticky fingers and a feather or comic magazines may while away a pleasant hour. The games in question lie somewhere between these two extremes and are patronized by a large segment of our populace.

The grand jury of a county reflects the mores of its community and the question of whether this game is one so largely a game of chance as to be a violation of the law or whether it is innocent public amusement may well be determined by them.

The motions are granted. Settle orders on notice.